UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-53-GWU

JOHN STEVEN HARR, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

John Harr brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

09-53  John Steven Harr

>          in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4.       At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5.       If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

09-53  John Steven Harr

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

09-53  John Steven Harr

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

4

09-53  John Steven Harr

then an award of benefits may, under certain circumstances, be had. E.g., <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

09-53 John Steven Harr

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Harr, a 48-year-old former forklift/door cleaner operator and assistant grocery store manager with a high school equivalent education, suffered from impairments related to a mild compression fracture of the L1 vertebrae, degenerative arthritis of the spine, hypertension, polyarthralgia, arthritis and obesity. (Tr. 13, 20). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium

6

09-53  John Steven Harr

level work.  (Tr. 15, 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21, 23).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

      After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

      The hypothetical question presented to Vocational Expert Melissa Glannon included an exertional limitation to medium level work, restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally balance, crouch, crawl or climb ramps and ladders; (2) an inability to ever climb ladders, ropes or scaffolds; (3) a need to avoid concentrated exposure to cold; and (4) a need to avoid moderate exposure to vibration.  (Tr. 46).  In response, Glannon identified a significant number of jobs in the national economy which could still be performed. (Tr. 47).  Therefore, assuming that the vocational factors considered by the expert fairly characterized Harr's condition, a finding of disabled status, within the meaning of the Social Security Act, is precluded.

      The hypothetical question fairly depicted Harr's condition as required by <u>Varley</u>.  Dr. Timothy Gregg reviewed the record in September of 2007 and opined that the plaintiff would be able to lift a maximum of 50 pounds occasionally and 25

pounds on a frequent basis. (Tr. 396). The plaintiff was restricted from more than occasionally climbing ramps or stairs, stooping, crouching or crawling and from ever climbing ladders, ropes or scaffolds. (Tr. 397). The claimant would also need to avoid even "moderate" exposure to vibration and concentrated exposure to extreme cold. (Tr. 399). These restrictions were all included in the hypothetical question presented to the vocational expert. More severe functional restrictions than those found by the ALJ were not reported by such treating and examining medical sources as Dr. Mark Fulton (Tr. 187-188), Dr. Robert Love (Tr. 1289-190), the staff at the Southern Ohio Medical Center (Tr. 191-306), and Dr. Rajesh Kataria (Tr. 358-378). These reports provide substantial evidence to support the administrative decision.

Dr. David Walker, a treating source, submitted a Residual Functional Capacity Assessment Form dated September 19, 2008. (Tr. 414-418). Dr. Walker indicated that Harr would be limited from sitting more than one hour a day, walking more than one hour a day and standing more than two hours a day, far more severe restrictions than those found by the ALJ. (Tr. 414). When these restrictions were presented to Glannon, she indicated that no work could be performed. (Tr. 51). The plaintiff asserts that the ALJ erred in failing to give this opinion controlling weight.

As noted by the ALJ (Tr. 19), Dr. Walker related his very severe physical restrictions to muscle spasm. (Tr. 415). However, the doctor's treatment notes do

not mention this finding. (Tr. 350-357). In fact, the treatment reports of the physician contain few clinical findings beyond a reduced range of back motion. (Tr. 19-20, 456). Thus, the ALJ properly determined that the doctor's treatment notes did not support his assessment conclusions.

Another factor indicated by the ALJ was that Dr. Walker issued his assessment in September of 2008, more than one year after the July, 2007 date his treatment notes report that he last saw Harr. (Tr. 20). This lack of recent knowledge of the plaintiff's condition would diminish the weight to which the opinion was entitled.

The ALJ also thought it significant that such treating and examining specialists as Dr. Love (orthopedic surgeon), Dr. Fulton (neurosurgeon), and Dr. Kataria (rheumatologist) all failed to identify more severe limitations than those found by the ALJ. Dr. Walker was a general practitioner rather than a specialist. (Id.). The claimant asserts that the ALJ erred in stating that the opinions of these specialists were drastically different from that of Dr. Walker. However, their opinions do not support Harr's claims of total disability.

Finally, the court notes that Dr. Gregg had the opportunity to see all of the medical records, with the exception of Dr. Walker's assessment, and identified less severe restrictions. Under these circumstances, the ALJ could properly reject the opinion of the treating physician.

09-53 John Steven Harr

Harr argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Harr was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. Dr. Fulton reported in December of 2005 that Harr had only "mild pain in the upper lumbar area." (Tr. 188). However, motor examination was symmetric and normal and straight leg raising was negative bilaterally. (Tr. 188). Dr. Love reported in February of 2006 that the claimant's compression fracture had healed and that a physical examination revealed normal reflexes and straight leg raising. (Tr. 189). In March of 2006, Dr. Kataria reported normal reflexes and muscle strength testing results. (Tr. 366). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.

09-53  John Steven Harr

Therefore, the ALJ would appear to have properly evaluated the claimant's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion

This the 18th day of February, 2010.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**